UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JAMES M. MALCOLM,                    )
                                     )        No. CV-12-0057-FVS
            Plaintiff,               )
                                     )
                                     )        ORDER GRANTING PLAINTIFF'S
                                     )        MOTION FOR SUMMARY JUDGMENT
            v.                       )        AND REMANDING THE MATTER
                                     )        FOR AN IMMEDIATE AWARD OF
                                     )        BENEFITS
CAROLYN W. COLVIN, Commissioner      )
of Social Security,[1]               )
                                     )
                                     )
            Defendant.               )
_____    )

**BEFORE THE COURT** are cross-motions for summary judgment.
(ECF Nos. 22, 24).  Attorney Maureen J. Rosette represents
plaintiff; Special Assistant United States Attorney Leisa A. Wolf
represents the Commissioner of Social Security (defendant).  On
November 28, 2012, plaintiff filed a reply brief.  (ECF No. 26).
After reviewing the administrative record and the briefs filed by
the parties, the court **denies** defendant's motion for summary
judgment, **grants** plaintiff's motion for summary judgment, and
**remands** the matter for an immediate award of benefits.

### JURISDICTION

Plaintiff applied for a period of disability, disability
insurance benefits (DIB), and Supplemental Security Income (SSI)

_____

[1]As of February 14, 2013, Carolyn W. Colvin succeeded
Michael J. Astrue as Acting Commissioner of Social Security.
Pursuant to Fed.R.Civ.P. 25(d), Commissioner Carolyn W. Colvin
is substituted as the defendant, and this lawsuit proceeds
without further action by the parties.  42 U.S.C. § 405(g).

benefits on March 18, 2009, alleging disability as of September 15, 2008 (Tr. 10).  The applications were denied initially  and on reconsideration.

Administrative Law Judge (ALJ) Moira Ausems held a hearing on September 22, 2010 (Tr. 27-70), and issued an unfavorable decision on February 18, 2011 (Tr. 10-20).  The Appeals Council denied review on December 30, 2011 (Tr. 1-6).  The ALJ's February 2011 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on January 23, 2012.  (ECF No. 1).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was born on January 14, 1957, and was 51 years old on the alleged onset date (Tr. 19).  Plaintiff attended school through the eleventh grade and later obtained his GED (Tr. 36). He testified he additionally attended college and received a nursing assistant certificate from Apollo College (Tr. 37).

In 2007, plaintiff worked temporarily as a janitor at the Spokane Coliseum (Tr. 47-48).  He testified that even though he was having memory problems at that time, he did not believe it affected the job because he just started at one point and cleaned in a giant circle (Tr. 48).  With respect to his 2009 Vocational Rehabilitation referral to a Davenport grocery store, he indicated he was responsible for stocking and cleaning (Tr. 40-41). Plaintiff indicated he thought he performed well on the job and

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

considered it "a fun job" (Tr. 49).  At the administrative
hearing, plaintiff's attorney stated that it is clear that
plaintiff wants to work and he enjoyed the Vocational
Rehabilitation job; however, information from Voc Rehab[2] indicated
plaintiff was not doing so well at the job because of memory
problems (Tr. 59-60).

Plaintiff testified that, on a typical day, he would get up
and attempt to find odd jobs or other work to keep him busy
throughout the day (Tr. 39).  He stated that although he had
previously attended treatment for issues related to his use of
alcohol, he had pretty much stopped drinking (Tr. 38).  He
indicated his parents help him with his bills and he is also
supported by public assistance (Tr. 41-42).

Plaintiff's mother, Geraldine L. Malcolm, testified at the
September 22, 2010 hearing that she had noticed a decline with
plaintiff's memory in the last three years (Tr. 49-50).  She
indicated he is a "very good worker" but somebody needs to watch
him to make sure he stays on track (Tr. 51).  Mrs. Malcolm opined
that plaintiff would not be able to maintain a job because he
would not be able to remember what he is supposed to do from day
to day (Tr. 54).

---

[2]On September 14, 2010, Carol G. Baker, a Vocational
Rehabilitation Counselor, submitted a statement indicating
plaintiff was only able to follow one-step directions and then
needed to be directed to the next task (Tr. 595).  Ms. Baker
stated that plaintiff was unable to retain what he learned on the
job the previous day and was unable to perform his tasks
independently (Tr. 595).  Ms. Baker opined that plaintiff would
have difficulty gaining steady employment and stated that she
supported his effort to receive Social Security (Tr. 595).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

1    Traci Ann Stone, plaintiff's protective payee for his DSHS
2  benefits, testified at the September 22, 2010 hearing that
3  plaintiff often forgets to pick up his money from her each month
4  and only does so at the direction of his parents (Tr. 56).  She
5  stated that when he arrives, he knows he has been sent there to
6  get money, but does not remember how much he gets each month or
7  the source of the money (Tr. 57).
8    On April 4, 2007, Treva J. Malcolm, plaintiff's wife at the
9  time, filed a statement on behalf of plaintiff's disability
10 application (Tr. 263-271).  She indicated plaintiff needs to be
11 reminded about everything and needs someone with him if he does
12 anything (Tr. 264-265).  She stated plaintiff's memory had
13 diminished and he was not able to retain spoken instructions (Tr.
14 268).

15                **SEQUENTIAL EVALUATION PROCESS**
16    The Social Security Act (the Act) defines disability as the
17 "inability to engage in any substantial gainful activity by reason
18 of any medically determinable physical or mental impairment which
19 can be expected to result in death or which has lasted or can be
20 expected to last for a continuous period of not less than twelve
21 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act also
22 provides that a plaintiff shall be determined to be under a
23 disability only if any impairments are of such severity that a
24 plaintiff is not only unable to do previous work but cannot,
25 considering plaintiff's age, education and work experiences,
26 engage in any other substantial gainful work which exists in the
27 national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).
28 Thus, the definition of disability consists of both medical and

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

vocational components.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920.  Step one determines if the person is engaged in substantial gainful activities.  If so, benefits are denied.  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).  If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied.  If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1.  If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past.  If a plaintiff is able to perform previous work, that plaintiff is deemed not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At this step, plaintiff's residual functional capacity (RFC) is considered.  If plaintiff cannot perform past relevant work, the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

fifth and final step in the process determines whether plaintiff
is able to perform other work in the national economy in view of
plaintiff's residual functional capacity, age, education and past
work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v);
*Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish
a *prima facie* case of entitlement to disability benefits.
*Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v.
Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is
met once plaintiff establishes that a physical or mental
impairment prevents the performance of previous work.  The burden
then shifts, at step five, to the Commissioner to show that (1)
plaintiff can perform other substantial gainful activity and (2) a
"significant number of jobs exist in the national economy" which
plaintiff can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th
Cir. 1984).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a
Commissioner's decision.  42 U.S.C. § 405(g).  A Court must uphold
the Commissioner's decision, made through an ALJ, when the
determination is not based on legal error and is supported by
substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995
(9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir.
1999).  "The [Commissioner's] determination that a plaintiff is
not disabled will be upheld if the findings of fact are supported
by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572
(9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)).  Substantial evidence
is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d

1112, 1119 n. 10 (9ᵗʰ Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9ᵗʰ Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9ᵗʰ Cir. 1965).  On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner.  *Weetman v. Sullivan,* 877 F.2d 20, 22 (9ᵗʰ Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9ᵗʰ Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9ᵗʰ Cir. 1984).  Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9ᵗʰ Cir. 1987).  Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9ᵗʰ Cir. 1987).

///

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

**ALJ'S FINDINGS**

The ALJ found plaintiff was insured through December 31, 2010 (Tr. 12).  Therefore, plaintiff must establish disability prior to December 31, 2010, in order to be eligible for a period of disability and DIB (Tr. 10).

At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since his alleged onset date, September 15, 2008 (Tr. 12).  At step two, the ALJ determined that plaintiff had severe impairments of "cognitive disorder, depressive disorder, personality disorder with mild cluster B features, anxiety disorder, and a history of alcohol and marijuana dependence in reported remission" (Tr. 12).  At step three, the ALJ found that plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Tr. 13).

The ALJ assessed plaintiff's RFC and concluded that plaintiff could perform a full range of work at all exertional levels with the following nonexertional limitations:  he can perform work that does not involve the performance of more than simple, repetitive tasks, or require more than superficial contact with the general public (Tr. 14).  The ALJ found that plaintiff's medically determinable impairments could reasonably be expected to produce his alleged symptoms but that plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not credible to the extent they were inconsistent with the ALJ's RFC assessment (Tr. 15).

At step four, the ALJ found that plaintiff could perform his past relevant work as a janitor (Tr. 18).  Alternatively, the ALJ

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

1  concluded at step five that, considering plaintiff's age,

2  education, work experience and RFC, and based on vocational expert

3  testimony, there were jobs that exist in significant numbers in

4  the national economy that plaintiff could perform, including the

5  jobs of housekeeper, laundry worker, car washer, and auto detailer

6  (Tr. 19-20).  The ALJ thus determined that plaintiff was not under

7  a disability within the meaning of the Social Security Act at any

8  time from September 15, 2008, the alleged onset date, through

9  February 18, 2011, the date of the decision (Tr. 20).

**ISSUE**

11  Plaintiff argues he is more limited from a psychological

12  standpoint than as determined by the ALJ in this case.  (ECF No.

13  23 at 10-16).  Plaintiff specifically contends that the ALJ failed

14  to properly consider the opinions of Debra D. Brown, Ph.D., and

15  Jennifer Van Wey, Psy.D.  *Id*.

**DISCUSSION**

17  **A.  Lay Witnesses**

18  The ALJ rejected the statements of several lay witnesses in

19  this case (Tr. 18).  The undersigned finds that the ALJ erred by

20  failing to provide valid reasons to discount the lay witnesses'

21  statements.

22  The ALJ shall "consider observations by non-medical sources

23  as to how an impairment affects a claimant's ability to work."

24  *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987), *citing* 20

25  C.F.R. § 404.1513(e)(2).  The ALJ may not ignore or improperly

26  reject the probative testimony of a lay witness without giving

27  reasons that are germane to each witness.  *Dodrill v. Shalala*, 12

28  F.3d 915, 919 (9th Cir. 1993).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

On April 4, 2007, Treva J. Malcolm, plaintiff's wife at the time, filed a statement indicating plaintiff's memory had diminished and he was not able to retain spoken instructions (Tr. 268). At the administration hearing held on September 22, 2010, plaintiff's mother testified that she had noticed a decline with plaintiff's memory in the last three years (Tr. 49-50) and that plaintiff would not be able to maintain a job because he would not be able to remember what he is supposed to do from day to day (Tr. 54). Plaintiff's protective payee for his DSHS benefits, Traci Ann Stone, also testified about plaintiff's memory problems. She stated that plaintiff often forgets to pick up his money from her and only does so at the direction of his parents (Tr. 56). On September 14, 2010, plaintiff's vocational rehabilitation counselor submitted a statement indicating plaintiff was only able to follow one-step directions and then needed to be directed to the next task (Tr. 595). She stated that plaintiff was unable to retain what he learned on the job the previous day and was unable to perform his tasks independently (Tr. 595).

The ALJ determined that the above statements "generally reflect the same allegations made by the claimant that he is completely disabled from all work, allegations that are not entirely credible" (Tr. 18). As noted by the ALJ, the above lay witness statements corroborate plaintiff's claim of an inability to work based on "memory loss" (Tr. 233). The fact that the statements of the above lay witnesses reflect the same allegations made by plaintiff, or are consistent with plaintiff's claim of disability, is not a valid reason to discount the statements. Accordingly, the ALJ erred by failing to provide germane reasons

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

for giving little weight to the testimony of each lay witness in this case.

**B.  Plaintiff's Activities**

    The ALJ indicated that plaintiff's allegation that he is completely disabled is undermined by his efforts to find a job (Tr. 16).  The undersigned finds that the ALJ erred by emphasized plaintiff's desire to find work in order to discredit his testimony.

    It is well-established that the nature of daily activities may be considered when evaluating credibility.  *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).  However, disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations.  *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  One does not need to be "utterly incapacitated" in order to be disabled.  *Vertigan v. Halter*, 260 F.3d 1044, 1049-1050 (9th Cir. 2001).

    Plaintiff stated in February 2009 that one of his goals was to get a job (Tr. 477).  Plaintiff stated he was "very bored" and wanted a job "very much" (Tr. 475).  He expressed interest in "a janitorial job or something structured, routine and easy to learn" (Tr. 468).  It was noted that plaintiff was "very enthusiastic about his desire to go to work" (Tr. 466).  At the administrative hearing, plaintiff's attorney stated that it is clear that plaintiff wants to work and he enjoyed the vocational rehabilitation job; however, information from plaintiff's vocational rehabilitation counselor indicated plaintiff was not doing well at the job because of memory problems (Tr. 59-60).  Plaintiff's vocational rehabilitation counselor, Carol G. Baker,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

submitted a statement indicating plaintiff was only able to follow one-step directions and then needed to be directed to the next task (Tr. 595).  Ms. Baker stated that plaintiff was unable to retain what he learned on the job the previous day and was unable to perform his tasks independently (Tr. 595).  Ms. Baker opined that plaintiff would have difficulty gaining steady employment and stated that she supported his effort to receive Social Security (Tr. 595).

The fact that plaintiff wants to find a job does not establish that he has the capacity to perform work, nor is it a valid reason to detract from plaintiff's claim of disability.  The undersigned finds that the ALJ erroneously emphasized plaintiff's motivation to find work in order to discredit plaintiff's testimony.

**C.  Medical Record**

Plaintiff's sole argument in his memorandum in support of his motion for summary judgment is that he is more limited from a psychological standpoint than as determined by the ALJ.  (ECF No. 23 at 10-16).  Plaintiff specifically contends that the ALJ failed to properly consider the opinions of Debra D. Brown, Ph.D., and Jennifer Van Wey, Psy.D.  The undersigned agrees.

The courts distinguish among the opinions of three types of physicians:  treating physicians, physicians who examine but do not treat the claimant (examining physicians) and those who neither examine nor treat the claimant (nonexamining physicians).  *Lester v. Chater,* 81 F.3d 821, 839 (9th Cir. 1996).  A treating physician's opinion is given special weight because of familiarity with the claimant.  *Fair v. Bowen,* 885 F.2d 597, 604-605 (9th Cir.

1989).   Thus, more weight is generally given to a treating
physician than an examining physician.   *Lester*, 81 F.3d at 830.
However, the treating physician's opinion is not "necessarily
conclusive as to either a physical condition or the ultimate issue
of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir.
1989) (citations omitted).   Nevertheless, it is the ALJ who
resolves conflicts and ambiguity in the medical and non-medical
evidence.   *Morgan v. Comissioner*, 169 F.3d 595, 599 (9th Cir.
1999).   An ALJ's decision to reject the opinion of a treating or
examining physician, may be *based in part* on the testimony of a
nonexamining medical advisor.   *Magallanes*, 881 F.2d at 751-55;
*Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).   The ALJ
must also have other evidence to support the decision such as
laboratory test results, contrary reports from examining
physicians, and testimony from the claimant that was inconsistent
with the physician's opinion.   *Magallanes*, 881 F.2d at 751-52;
*Andrews*, 53 F.3d at 1043.

   **1.  Dr. Van Wey**

   On February 5, 2007, plaintiff was examined by Jennifer Van
Wey, Psy.D. (Tr. 373-379).   Plaintiff's memory functioning was
measured in the extremely low range (Tr. 378).   Dr. Van Wey
diagnosed Alcohol Abuse, by self-report, probable dependence, and
a cognitive disorder, NOS, and gave plaintiff a global assessment
of functioning score (GAF) of 65[3] (Tr. 379).
///

---

   [3]A GAF of 70-61 is characterized as:  "Some mild symptoms or
some difficulty in social, occupational, or school functioning
but generally functioning pretty well."  DIAGNOSTIC AND STATISTICAL
MANUAL OF MENTAL DISORDERS 12 (3d ed. Rev. 1987).

Dr. Van Wey completed a second evaluation of plaintiff in June/July 2009 (Tr. 564-573).  It was noted that the results of the MMPI-2 did not suggest any attempts at feigning or exaggerating cognitive or psychological difficulties (Tr. 567).  Dr. Van Wey indicated that, overall, the results indicated specific areas of plaintiff's neurocognitive functioning were in the mild range of impairments in the context of an estimated average level of premorbid functioning (Tr. 567).  Memory was the greatest area of impairment, with deficits in verbal and visual memory from the short term and long term memory systems equally prominent (Tr. 570).  His profile of cognitive strengths and weaknesses did not definitively rule out dementia, but it was noted that the lack of objective cognitive declines over a three-year period and continued depression explained some or all of his cognitive deficits (Tr. 570).  Dr. Van Wey stated that dementia "is less likely than a presentation of an individual with chronic alcohol consumption and history of multiple TBI's with loss of consciousness in the history" (Tr. 570).

Dr. Van Wey opined that plaintiff "should not be considered 'permanently disabled' as was mentioned in Dr. Brown's evaluation" and "is more than capable of part-time employment in a number of different settings that offer training in multiple modalities" (Tr. 570-571).  However, Dr. Van Wey also indicated that plaintiff "will require more time than others to learn new tasks", would do best at a job with fewer social interactions, and should "be afforded 10 minute breaks for every 60 minutes of work to limit cognitive fatigue" (Tr. 571-572).  She diagnosed Cognitive
///

Disorder, NOS, Alcohol Abuse, Dysthymic Disorder and Anxiety
Disorder, NOS, and gave plaintiff a GAF score of 70 (Tr. 571).

The ALJ indicated that Dr. Van Wey's opinion is "based on a
thorough review of the medical record and objective testing, and
her opinion is consistent with those tests" (Tr. 17).  The ALJ
accorded "great weight" to Dr. Van Wey's opinion (Tr. 17).

However, the ALJ's RFC determination and hypothetical
presented to the vocational expert did not include a limitation,
as assessed by Dr. Van Wey, that plaintiff should "be afforded 10
minute breaks for every 60 minutes of work to limit cognitive
fatigue" (Tr. 572).  When the vocational expert was asked by
plaintiff's counsel to consider a hypothetical taking into account
the limitation of need to take a 10-minute break every hour, the
vocational expert testified that, with this limitation, plaintiff
would not be able to work (Tr. 68).  The ALJ's decision fails to
address the 10-minute break limitation assessed by Dr. Van Wey.

**2.  Dr. Brown**

On January 26, 2009, Debra D. Brown, Ph.D., completed a
psychological evaluation of plaintiff (Tr. 404-414).  Dr. Brown
noted that plaintiff first came to her office in October of 2007
complaining of memory problems, and she had continued to treat
plaintiff from that time (Tr. 408).  Dr. Brown administered the
Trails A & B, Wechsler Adult Intelligence Scale-III, Mini-Mental
Status Examination, Wechsler Memory Scale-III, and Personality
Assessment Inventory of plaintiff.  The Rey test of Malingering
indicated he was not malingering for memory (Tr. 410).  Dr. Brown
diagnosed Cognitive Disorder, NOS, Depression, NOS, Alcohol Abuse
in early full remission by client report, and rule out Dementia,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 15

NOS, and gave plaintiff a GAF score of 51[4] (Tr. 413).  Dr. Brown
stated it was likely plaintiff was experiencing a dementia process
and opined that plaintiff was "not employable" and was
"permanently disabled due to a cognitive disorder" (Tr. 413-414).
Dr. Brown assessed plaintiff's functional limitations and
concluded plaintiff had a "severe" limitation with his ability to
learn new tasks and "marked" limitations with his abilities to
exercise judgment and make decisions, perform routine tasks,
relate appropriately to co-workers and supervisors, interact
appropriately in public contacts, and respond appropriately to and
tolerate the pressures and expectations of a normal work setting
(Tr. 406).

On January 6, 2010, Dr. Brown completed another psychological
evaluation of plaintiff (Tr. 587-594).  Dr. Brown diagnosed
Cognitive Disorder, NOS, Alcohol Abuse in Full Sustained Remission
and rule out Dementia, NOS (Tr. 590).  Dr. Brown assessed
plaintiff's functional limitations and opined plaintiff had a
"severe" limitation with his ability to respond appropriately to
and tolerate the pressures and expectations of a normal work
setting and "marked" limitations with his abilities to understand,
remember and following complex instructions, learn new tasks,
exercise judgment and make decision, relate appropriately to co-
workers and supervisors, and maintain appropriate behavior in a
work setting (Tr. 591).
///

---

[4]A GAF of 60-51 reflects: Moderate symptoms or moderate
difficulty in social, occupational, or school functioning. *See*
DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS 32 (4th ed. 1994).

1     The ALJ accorded Dr. Brown's opinion little weight because
2   her opinion appeared to be based mainly on plaintiff's subjective
3   allegations, which the ALJ found were not entirely credible (Tr.
4   17).   The ALJ's reasoning in this regard is unfounded.
5     Dr. Brown administered several objective tests in her
6   evaluations, including the Trails A & B, Wechsler Adult
7   Intelligence Scale-III, Mini-Mental Status Examination, Wechsler
8   Memory Scale-III, and Personality Assessment Inventory of
9   plaintiff.   Significantly, Dr. Brown also administered the Rey
10  test of Malingering which indicated plaintiff was not malingering
11  for memory (Tr. 410).   Dr. Brown's conclusions are appropriately
12  based on plaintiff's performance on examination, not merely
13  plaintiff's subjective complaints.   Therefore, the ALJ's finding
14  that Dr. Brown's opinion appeared to be based mainly on
15  plaintiff's subjective allegations is unsupported.   The ALJ failed
16  to provide adequate rationale for rejecting the opinions of Dr.
17  Brown in this case.
18    When the Commissioner fails to provide adequate reasons for
19  rejecting the opinion of a treating or examining physician, that
20  physician's opinion is credited as a matter of law.   *Lester*, 81
21  F.3d at 834.   Accordingly, the undersigned credits the opinions of
22  Dr. Brown as a matter of law in this case.
23    Since the undersigned finds that the opinions of Dr. Brown
24  regarding plaintiff's limitations are credited, the testimony of
25  the vocational expert regarding those limitations is also
26  accepted.   The vocational expert testified that with the
27  limitations assessed by Dr. Brown, a hypothetical individual would
28  ///

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 17

not be able to perform plaintiff's past work or any other work (Tr. 68-69).

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, the undersigned finds that the ALJ's decision is not based upon the proper legal standards and is not supported by substantial evidence in the record.  The Court has the discretion to remand the case for additional evidence and finding or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).  The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose.  *Id.* Remand is appropriate when additional administrative proceedings could remedy defects.  *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989).  In this case, the record is adequate for a proper determination to be made and further development is not necessary to remedy defects.

The ALJ erred by failing to provide valid reasons to discount the lay witnesses' statements, by emphasized plaintiff's desire to find work in order to discredit his testimony, by failing to take into account the full opinion of Dr. Van Wey and by rejecting the opinions of Dr. Brown.  *Supra*.  The credited opinions of Dr. Brown, the full opinion of Dr. Van Wey, and the testimony of the vocational expert demonstrate that plaintiff is not capable of performing his past work or any other competitive employment.  The evidence thus supports an immediate award of benefits.

Accordingly, **IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Summary Motion (**ECF No. 22**) is **GRANTED**, and Judgment is entered for **PLAINTIFF**.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 18

2.   Defendant's Motion for Summary Judgment **(ECF No. 24)** is **DENIED**.

3.   The matter is **REMANDED** for an immediate award of benefits.

4.   An application for attorney's fees may be filed by separate motion.

**IT IS SO ORDERED.**   The District Court Executive is directed to file this Order, provide copies to the parties, **enter judgment in favor of plaintiff**, and **CLOSE** this file.

**DATED** this   20th   day of June, 2013.

S/Fred Van Sickle
Fred Van Sickle
Senior United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 19